**Law Office of Robert A. Tandy, LLC**
Robert A. Tandy, Esq. (0387)
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey
(201) 474-7103
(201) 474-7101 (facsimile)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM FULMORE<br><br>        Plaintiff,<br>    vs.<br><br>CITY OF ENGLEWOOD; ROBERT S. HOFFMANN; ALEXIS WAITERS; XYZ CORP., INC.; JOHN DOES (1-10); and JANE DOES (1-10)<br><br>        Defendants | CIVIL ACTION NO:<br><br>**COMPLAINT and JURY DEMAND** |

**INTRODUCTION**

1.     This is an action brought by Plaintiff, William Fulmore ("Plaintiff") against Defendants, the City of Englewood; Robert S. Hoffmann, individually and in his official capacity as City Manager; Alexis Waiters, individually and in her official capacity as Human Resources Director; XYZ Corporation, Inc. (1-10), John Does (1-10) and Jane Does (1-10)("Defendants").

2.     Plaintiffs seek judgment of this Court against Defendants for relief permitted under the Civil Rights Act, 42 *U.S.*C. Sections 1983 *et seq.* and 1985 *et seq.*; the New Jersey Civil Rights Act, *NJ.S.A.* 10:6-1, *et seq.*; and the New Jersey

1

Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-1 *et seq.*, to remedy unlawful retaliation.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to §§ 1331, 1343 and 1367; and venue is properly set in the United States District Court, Newark Vicenage pursuant to 28 U.S.C. §1391.

4. Plaintiff invokes the pendent jurisdiction of this Court to consider claims arising under State law.

5. The causes of action alleged herein arise from factual allegations occurring in this judicial jurisdiction.

## PARTIES

6. Plaintiff, who resides in the City of Hackensack, County of Bergen, State of New Jersey, and is a current "employee" of Defendant City of Englewood, within the meaning of CEPA *N.J.S.A.* 34:19-2(b).

7. Defendant, City of Englewood, is a municipal body corporate and politic with perpetual succession operating under the laws of the State of New Jersey and is, at all times relevant herein, Plaintiff's "employer" within the meaning of CEPA, *N.J.S.A.* 34:19-2(a).

8. At all times relevant herein, Defendant, Robert S. Hoffmann, individually and in his official capacity as City Manager, acting under color of State law, served in a supervisory

capacity and had policy/decision making authority within the City of Englewood.

9. At all times relevant herein, Defendant, Alexis Waiters, individually and in her official capacity as Human Resources Director, acting under color of State law, served in a supervisory capacity and had policy/decision making authority within the City of Englewood.

10. Defendants XYZ Corporation, Inc. (1-10), John Does (1-10) and Jane Does (1-10) are fictitious parties unknown to Plaintiff at this time but who may be identified during discovery in this matter. Upon information and belief, Defendants XYZ Corporation, Inc. (1-10), John Does (1-10) and Jane Does (1-10) were acting under color of State law, served in a supervisory capacity and had policy/decision making authority within the City of Englewood.

## STATEMENT OF FACTUAL ALLEGATIONS

11. On or about July 13, 2004, Plaintiff commenced employment with Defendants City of Englewood and City of Englewood Department of Public Works as a Laborer within the Street Department.

12. On or about July 13, 2004, Plaintiff became a member of the then bargaining unit for the non-managerial employees of the City of Englewood DPW charged with the responsibility of engaging in collective negotiations with the City of Englewood.

13. On or about October 7, 2013, Plaintiff became the Chief Shop Steward within the City of Englewood Department of Public Works.

14. As the Chief Shop Steward, Plaintiff was responsible for sitting in on meetings with management on behalf of his co-workers and to assist in the handling of and administration of the filing of grievances.

15. During the tenure of his employment with Defendants City of Englewood and City of Englewood Department of Public Works, Plaintiff routinely received favorable performance evaluations.

16. In or around March 2021, the rank-in-file employees of the City of Englewood DPW formed their own union named the United Brotherhood of Public Workers ("UBPW").

17. Plaintiff became the President of the UBPW and continued to be responsible for being a member of the negotiation team for negotiating the terms and conditions expressly provided in the collective bargaining agreement, sitting in on meetings with City of Englewood management on behalf of his co-workers, and to assist in the handling of and administration of the filing of grievances

18. Between January 2023 and March 2023, Plaintiff had been complaining that the City of Englewood was violating the terms and conditions of the Collective Bargaining Agreement ("CBA") and New Jersey wage and hour laws in the City's calculation and payment of wages and overtime rates to DPW employees.

19. Prior to a mayor and Council meeting on March 30, 2023, Plaintiff had organized approximately twenty (20) employees of the DPW to attend the March 30, 2023 Mayor and Council meeting.

20. Defendant Alexis Waiters learned that Plaintiff and other DPW members were planning on attending the Mayor and Council meeting to speak out about Plaintiff's belief that Defendant Robert S. Hoffmann was violating the law.

21. On or about March 29, 2023, Defendant, Alexis Waiters, acting under color of law, and in her capacity as Human Resources Director, directed Plaintiff not to attend the Mayor and Council meeting and speak out against Defendant Hoffmann, the City Manager, or terms and conditions of employment at the DPW.

22. Defendant Waiters advised Plaintiff that Defendant Hoffmann, as City Manager, could take any action relating to the payment of wages and other terms and conditions of employment, despite the terms and conditions of the CBA, which was ratified by Resolution by the Mayor and Council of the City of Englewood.

23. On or about March 30, 2023, Plaintiff attended a Mayor and Council Meeting for the City of Englewood.

24. During public comment session, Plaintiff spoke to the Mayor and Council, and openly disclosed to the public, facts that Plaintiff reasonably believed to be violations of the law engaged in by Defendant Hoffmann, acting on behalf of the City of Englewood.

25. Specifically, Plaintiff alleged violations of the terms and conditions of the Collective Bargaining Agreement entered into between the United Brotherhood of Public Workers and the City of Englewood that was adopted by Resolution by the City of Englewood Mayor and Council - - thus Plaintiff was complaining about a violation of the City's own Resolution as Plaintiff reasonably believed that a violation of the Collective Bargaining Agreement constituted(s) a violation of the City's Resolution.

26. On or about April 3, 2023, Defendant, Robert S. Hoffmann, purportedly acting individually and in his official capacity on behalf of the City of Englewood, under color of law, issued a Notice of Minor Disciplinary Action Written Reprimand to Plaintiff expressly providing in part:

> On March 30, 2023, you attempted to violate:
>
> 1. The power and duties of the City Manager as outlined in Section 6.3 of Article VI of the City Charter;
>
> 2. Violated Article VIII Section 8.1(b) "The direction of Supervision of City Employees shall be solely by and through the Manager." If this occurs again you will be subjected to Major Disciplinary Charges including suspension and loss of pay.

27. On or about April 3, 2023, Defendant Hoffmann advised Plaintiff that, if he attended any more Mayor and Council meetings and spoke out about the terms and conditions of employment at the

6

DPW, Plaintiff would be disciplined for "insubordination" and would receive a "Major Disciplinary Charge."

28. Plaintiff took Defendant Hoffmann's statement as a direct threat to his job security, whereby altering the terms and conditions of his employment.

29. Moreover, Defendants' actions were made in a blatant attempt to stifle speech and association by threatening disciplinary action against Plaintiff if he spoke out about violations of the CBA or discussed other terms and conditions of employment.

30. Defendants' actions have had a dramatic and chilling effect in the City of Englewood DPW as, upon information and belief, a majority of the DPW employees fear speaking out about perceived violations of the law, complaining about violations, objecting to and refusing to comply with directives that are believed to be violations of the law and otherwise engaging in protected activity.

31. Plaintiff has suffered retaliatory and adverse action in being issued disciplinary action; and, more importantly, was threatened that if he engaged in further protected activity, i.e., free speech, discussing terms and conditions of employment, associating with his union members and acting on behalf of same, he would be severely disciplined.

32. As a direct and proximate result of the above conduct, Plaintiff has suffered and continues to suffer diminishment of career opportunity; loss of self esteem; disruption of his family life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

## COUNT ONE

**(42 U.S.C. Section 1983 *et seq.*)**

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 32 of the Complaint as if set forth at length herein.

34. The foregoing actions of Defendants, acting under the color of law, subjected Plaintiff to the deprivation of his constitutional rights of free speech and freedom of association in violation of 42 U.S.C. Section 1983.

35. Defendants, Robert S. Hoffmann and Alexis Waiters are persons who, while acting under color of law, were performing their duties, whether in compliance with federal and/or state laws, or contrary to the same, or within their exercise of professional discretion and have, as a result of their harassing and retaliatory actions, caused constitutional violations against Plaintiff.

36. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable damages.

37. Plaintiff's constitutionally protected rights, as previously alleged herein, were/are the motivating factor for Defendants' harassing and retaliatory conduct that continue to the day of the filing of the Complaint.

38. Through Defendants' repeated illegal acts, Plaintiff's exercise and enjoyment of these rights and privileges have been interfered with or attempted to be interfered with by threats, intimidation, harassment, or coercion by persons acting under the color of law.

39. Defendants' conduct was taken pursuant to an official and extant policy and practice of Defendants, and were taken by individuals with final policymaking authority over such actions.

40. Defendants intentionally, willfully and recklessly retaliated and harassed Plaintiff, and have repeatedly and continuously done so to the date of the within complaint, whereby depriving Plaintiff of his rights secured and guaranteed by federal and State law.

41. The foregoing actions were knowing, willful and deliberate violations of law and deprivations of Plaintiff's civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

42. As a direct and proximate result of Defendants' illegal and wrongful actions, described herein, Plaintiff has

suffered and continues to suffer economic, non-economic, and emotional distress damages, physical manifestations of pain and suffering, anxiety, ridicule, embarrassment, public humiliation, loss of compensation, loss of earnings, loss of standing in the community, legal expenses, and other irreparable harm and expenses as a result of defendants' actions.

**WHEREFORE**, Plaintiff, William Fulmore, prays for judgment against Defendants, jointly and severally, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded; and

H. For such other and further relief as the Court deems just and proper.

**COUNT TWO**

(**New Jersey Civil Rights Act,** *N.J.S.A. 10:6-1* et seq)

43. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of the Complaint as if set forth at length herein.

44. Defendants' actions are in violation of the New Jersey Civil Rights Act, *N.J.S.A. 10:6-1* et seq.

45. The foregoing actions of Defendants, acting under the color of law, subjected Plaintiff to the deprivation of his constitutional rights of free speech and freedom of association in violation of the New Jersey State Constitution of 1947, including Article I.

46. Defendants, Robert S. Hoffmann and Alexis Waiters are persons who, while acting under color of law, were performing their duties, whether in compliance with federal and/or state laws, or contrary to the same, or within their exercise of professional discretion and have, as a result of their harassing and retaliatory actions, caused constitutional violations against Plaintiff.

47. Plaintiff's constitutionally protected rights, as previously alleged herein, were/are the motivating factor for Defendants' harassing and retaliatory conduct that continue to the day of the filing of the Complaint.

48. Through Defendants' repeated illegal acts, Plaintiff's exercise and enjoyment of these rights and privileges have been

interfered with or attempted to be interfered with by threats, intimidation, harassment, or coercion by persons acting under the color of law.

49. Defendants' conduct was taken pursuant to an official and extant policy and practice of Defendants, and were taken by individuals with final policymaking authority over such actions.

50. Defendants intentionally, willfully and recklessly retaliated and harassed Plaintiff, and have repeatedly and continuously done so to the date of the within complaint, whereby depriving Plaintiff of his rights secured and guaranteed by federal and State law.

51. The foregoing actions were knowing, willful and deliberate violations of law and deprivations of Plaintiff's civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

52. As a direct and proximate result of Defendants' illegal and wrongful actions, described herein, Plaintiff has suffered and continues to suffer economic, non-economic, and emotional distress damages, physical manifestations of pain and suffering, anxiety, ridicule, embarrassment, public humiliation, loss of compensation, loss of earnings, loss of standing in the community, legal expenses, and other

irreparable harm and expenses as a result of defendants' actions.

**WHEREFORE**, Plaintiff, William Fulmore, prays for judgment against Defendants, jointly and severally, as follows:

- A.  For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;
- B.  For compensatory damages;
- C.  For punitive damages;
- D.  For emotional distress damages;
- E.  For physical manifestations of pain and suffering;
- F.  For attorneys' fees and costs of this action;
- G.  For interest at the maximum legal rate on all sums awarded; and
- H.  For such other and further relief as the Court deems just and proper.

## COUNT THREE

(42 **U.S.C. Section 1985** *et seq.*)

53. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 52 of the Complaint as if set forth at length herein.

54. Defendants have entered into conspiracies with each other, at one time or another, to deprive Plaintiff, either

directly or indirectly, of his privileges and immunities under the law, specifically Plaintiff's civil rights as guaranteed by the First and Fourteen Amendments of the United States Constitution.

55. 42 *USC* Section 1985 provides, in pertinent part: "If two or more persons in any state or territory conspire with the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the law, or of equal privileges or immunities under the laws...whereby another is injured . . .or deprived of having and exercising any right or privilege of a citizen of the United States, the party injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

56. The illegal actions as described hereinabove by Defendants constitute an infringement upon Plaintiff's rights as secured by the First and Fourteenth Amendments of the United States Constitution and provisions of the New Jersey Constitution, in violation of 42 U.S.C. 1985.

57. The foregoing actions were taken by Defendants pursuant to an official and extant policy and practice of Defendants, and they were taken by individuals with final policymaking authority over such actions.

58. The foregoing actions were knowing, willful, deliberate and represent a collaborative effort of the

Defendants to violate the laws and deprive Plaintiff of his civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

59. Defendants have engaged in behavior that violates Plaintiff's constitutional rights and have thereby irreparably injured Plaintiff.

60. The foregoing actions were knowing, willful and deliberate violations of law and deprivations of Plaintiff's civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

61. As a direct and proximate result of Defendants' illegal and wrongful actions, described herein, Plaintiff has suffered and continues to suffer economic, non-economic, and emotional distress damages, physical manifestations of pain and suffering, anxiety, ridicule, embarrassment, public humiliation, loss of compensation, loss of earnings, loss of standing in the community, legal expenses, and other irreparable harm and expenses as a result of defendants' actions.

**WHEREFORE**, Plaintiff, William Fulmore, prays for judgment against Defendants, jointly and severally, as follows:

    A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded; and

H. For such other and further relief as the Court deems just and proper.

## COUNT FOUR

**(Conscientious Employee Protection Act)**

62. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 61 of the Complaint as if set forth at length herein.

63. Defendants engaged in the aforementioned acts of retaliation against Plaintiff after Plaintiff complained about what Plaintiff believed to be violations of the law engaged in by Defendants.

64. Defendants, Robert S. Hoffmann and Alexis Waiters, engaged in the above-described retaliatory conduct while acting on behalf of the Borough.

65. Defendants, Robert S. Hoffmann and Alexis Waiters, individually aided, abetted, incited, compelled and/or coerced the

performance of the above unlawful employment practices within the meaning of CEPA.

66. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer substantial loss of income and other pecuniary harm; diminishment of career opportunity; loss of self-esteem; disruption of his family life; emotional trauma and distress; physical manifestations of pain and suffering and other irreparable harm.

**WHEREFORE**, Plaintiff, William Fulmore, prays for judgment against Defendants, jointly and severally, as follows:

- A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;
- B. For compensatory damages;
- C. For punitive damages;
- D. For emotional distress damages;
- E. For physical manifestations of pain and suffering;
- F. For attorneys' fees and costs of this action;
- G. For interest at the maximum legal rate on all sums awarded; and
- H. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 13, 2023                **LAW OFFICE OF ROBERT A. TANDY, LLC**

*s/ Robert A. Tandy*
------------------------------------
Robert A. Tandy, Esq. (0387)
50 Tice Boulevard, Suite 363
Woodcliff Lake, New Jersey 07677
(201) 474-7103
(201) 474-7101 (facsimile)
rtandy@tandylaw.com
*Attorneys for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Plaintiffs, by their attorneys certify that to the best of their knowledge, the matter in controversy is not related to any other action. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 13, 2023    **LAW OFFICE OF ROBERT A. TANDY, LLC**

*/s/ Robert A. Tandy*

Robert A. Tandy, Esq.
50 Tice Boulevard, Suite 363
Woodcliff Lake, New Jersey 07677
(201) 474-7103
(201) 474-7101 (facsimile)
rtandy@tandylaw.com
*Attorneys for Plaintiff*